IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| J. DOES 1-26,<br><br>    Plaintiffs-Appellees,<br><br>    v.<br><br>ELON MUSK, in his official capacity; UNITED STATES DOGE SERVICE; DEPARTMENT OF GOVERNMENT EFFICIENCY,<br><br>    Defendants-Appellants. | No. 25-1273 |

**UNOPPOSED MOTION FOR A 44-DAY EXTENSION TO FILE
THE GOVERNMENT'S OPENING BRIEF**

Pursuant to Rule 26(b) of the Federal Rules of Appellate Procedure and Fourth Circuit Rule 31(c), the government respectfully moves for a 44-day extension of time, to and including June 13, 2025, in which to file the opening brief in this appeal. This motion is unopposed.

**1.** Plaintiffs in this case are 26 current and former employees and contractors for the U.S. Agency for International Development (USAID) who seek to challenge a range of actions being taken with respect to USAID. Plaintiffs sued Elon Musk, in his official capacity; the U.S. Department of Government Efficiency Service (DOGE); and certain other persons acting at their direction. On March 18, 2025, the district court issued a multi-part, preliminary injunction that applied to the

defendants as well as to USAID employees who previously worked on USAID's DOGE team. The district court subsequently denied a motion to clarify or modify the injunction.

The government appealed the preliminary injunction. The Court issued a briefing schedule upon docketing the appeal. Under the current schedule, the government's opening brief is currently due on April 30, 2025. The government has not previously sought or received any extension of time to file the brief.

**2.** Since this appeal was docketed, there have been several pertinent developments. On March 28, 2025, a unanimous panel of this Court stayed the preliminary injunction. Judge Quattlebaum, joined by Judge Niemeyer, concluded that defendants "made a strong showing that they are likely to succeed on the merits of the appeal." Stay Op. 2. Among other things, they indicated that "plaintiffs have failed, in part, to name the [allegedly] unconstitutional actors as defendants," noting that "neither the Executive nor USAID is named here," *id.* at 9, and that "plaintiffs have failed to show any irreparable injury to date," *id.* at 12. Judge Gregory concurred in the result, agreeing that "Plaintiffs have failed to sue the proper Defendants." *Id.* at 17. There have also been additional developments with respect to the review of USAID's operations, including a March 28, 2025, notice to Congress from the State Department that anticipates the termination of USAID personnel and the transfer of various functions to the State Department.

2

On April 17, 2025, plaintiffs filed an amended complaint in this case, adding new defendants and new plaintiffs, as well as a number of new factual allegations.[1] Plaintiffs have also notified the district court of their intention to seek class certification, and plaintiffs have requested a scheduling conference to discuss next steps in the litigation. D. Ct. Doc. 91, at 2-3. Plaintiffs have told the district court that they will seek a schedule for briefing class certification and dispositive motions and that they also intend to seek discovery. *Id.* at 3.

**3.** The government respectfully requests a 44-day extension of time to file its opening brief in this pending appeal of the preliminary injunction, to and including June 13, 2025. Recent developments and ongoing proceedings in district court may affect the issues presented in this appeal and could obviate the need for this Court to decide the merits of some or all of those issues. In addition, the requested extension is necessary to ensure adequate time to prepare and file any brief. Undersigned counsel have long-scheduled travel and a number of other deadlines including internal or otherwise non-public deadlines related to pending matters, *see, e.g.*, *Newman v. Moore*, No. 24-5173 (D.C. Cir.) (oral argument scheduled for April 24) (Patterson); *National Treasury Emps. Union v. Vought*, No. 25-5091 (D.C. Cir.) (opening brief due April 25) (Patterson); *Essintial Enter. Sols. v. U.S. Small Bus.*

---

[1] As of April 18, the amended complaint is pending correction for compliance with local rules.

3

*Admin.*, No. 25-1367 (3d Cir.) (opening brief due May 6) (Jed); *Oak Lawn Respiratory & Rehab. Ctr. v. U.S. Small Bus. Admin.*, Nos. 25-1346, 25-1347, 24-1348 (7th Cir.) (responsive brief due May 9) (Jed); *National Treasury Emps. Union v. Vought*, No. 25-5091 (D.C. Cir.) (reply brief due May 13) (Patterson); *Shop Rite v. U.S. Small Bus. Admin.*, No. 25-3008 (5th Cir.) (responsive brief due May 27) (Jed); *Daco Investments v. U.S. Small Bus. Admin.*, No. 24-30319 (5th Cir.) (responsive brief due June 4) (Jed); *Bergdahl v. United States*, Nos. 24-5150, 24-5154 (D.C. Cir.) (reply brief due June 6) (Patterson).

**4.** Counsel for plaintiffs-appellees have indicated that they do not oppose the requested extension.

## CONCLUSION

For the foregoing reasons, the Court should extend the deadline to file the government's opening brief by 44 days, to and including June 13, 2025.

Respectfully submitted,

MARK R. FREEMAN
MELISSA N. PATTERSON
ADAM C. JED
CYNTHIA A. BARMORE
*Attorneys*
*Civil Division, Appellate Staff*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W., Rm. 7541*

4


*Washington, D.C. 20530*
*202-616-5374*
*cynthia.a.barmore@usdoj.gov*

APRIL 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-word Times New Roman, a proportionally spaced font, and it contains 756 words according to the count of Microsoft Word.

/s/ *Cynthia A. Barmore*
CYNTHIA A. BARMORE

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, I filed and served the foregoing by causing a copy to be electronically filed with the Clerk of Court via the appellate CM/ECF system.

                                                 /s/ *Cynthia A. Barmore*
                                                CYNTHIA A. BARMORE