# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| J. DOES 1-26,<br><br>    Plaintiffs-Appellees,<br><br>    v.<br><br>ELON MUSK, in his official capacity; UNITED STATES DOGE SERVICE; DEPARTMENT OF GOVERNMENT EFFICIENCY,<br><br>    Defendants-Appellants. | No. 25-1273 |

## MOTION TO VACATE BREIFING SCHEDULE AND HOLD APPEAL IN ABEYANCE, OR ALTERNATIVELY, TO EXTEND THE BRIEFING DEADLINE

Pursuant to Fourth Circuit Rule 12(d), the government respectfully requests that the Court vacate the briefing schedule and hold this appeal in abeyance, pending resolution of the government's motion to dismiss in district court. Alternatively, the government moves for a 45-day extension of time, to and including July 28, 2025, in which to file the opening brief in this appeal. This motion is opposed.

**1.** Plaintiffs in this case are current and former employees and contractors for the U.S. Agency for International Development (USAID) who seek to challenge a range of actions being taken with respect to USAID. Plaintiffs sued Elon Musk, in his official capacity; the U.S. Department of Government Efficiency Service (DOGE); and certain other persons acting at their direction. On March 18, 2025, the

district court issued a multi-part, preliminary injunction that applied to the defendants as well as to USAID employees who previously worked on USAID's DOGE team. The district court subsequently denied a motion to clarify or modify the injunction.

The government appealed the preliminary injunction. The Court issued a briefing schedule upon docketing the appeal under which the government's opening brief was due April 30, 2025. The government sought an unopposed 44-day extension of time to file the brief, and this Court granted the government's motion on April 18, 2025. The government's opening brief is currently due June 13, 2025.

**2.** The government's first extension motion noted that there had been several pertinent developments since this appeal was docketed. On March 28, 2025, a unanimous panel of this Court stayed the preliminary injunction, emphasizing that plaintiffs failed to sue the proper defendants, including USAID, and failed to establish irreparable harm. Dkt. 88. On April 17, 2025, plaintiffs amended their complaint to add new defendants, including USAID and others, as well as to add new plaintiffs, revise their factual allegations, and drop 23 of the original 26 plaintiffs. Dkt. 93. Plaintiffs also refocused their theory of injury, alleging harms from "(1) unauthorized access to or disclosure of their private data by Defendants, (2) interruptions to the ordinary course of their employment, (3) reputational harm, and (4) other dignitary harm." *Id.* at 5-6. Plaintiffs further notified the district court

2

of their intention to seek class certification and discovery. Dkt. 91.

There have been additional developments since this Court granted the government's first extension motion. On May 1, 2025, the government filed a motion to dismiss. Dkt. 110. Among other things, the government raised several threshold arguments that the district court did not decide during preliminary injunction proceedings. The government argued that the district court lacks jurisdiction over plaintiffs' claims because mandatory statutory frameworks, such as the Civil Service Reform Act (CSRA), require plaintiffs to bring those claims to the appropriate administrative forum before seeking judicial review. *Id.* at 6-16. The government also argued that plaintiffs lack Article III standing. *Id.* at 17-20. The government further argued that plaintiffs' claims raise claim-splitting concerns given that "[i]dentical claims based on the same facts are already pending in other courts." *Id.* at 20-21. On May 15, 2025, plaintiffs filed their opposition to the motion to dismiss. Dkt. 121.

Additionally, there have been further developments with respect to class certification and discovery. On May 1, 2025, plaintiffs moved to certify a class of USAID employees and personal services contractors. Dkt. 111. On May 15, 2025, the government filed its opposition. Dkt. 120. Plaintiffs also moved for expedited discovery, Dkt. 106, and the district court denied that motion on May 27, 2025, for lack of good cause. Dkt. 124 at 5-10.

3

**3.** The government respectfully requests to place this appeal in abeyance pending the district court's resolution of the government's motion to dismiss. That motion presents numerous issues that could obviate the need for this appeal and therefore conserve the resources of this Court and the parties.

In particular, the government has presented several independent and threshold bases to dismiss plaintiffs' amended complaint. The government has argued that plaintiffs' claims are all subject to mandatory statutory frameworks and present claim-splitting concerns; these arguments were not presented during preliminary injunction proceedings, and the district court did not address them. As the district court noted in denying expedited discovery, the government's arguments raise "at least a possibility that these claims may be dismissed." Dkt. 124 at 9. The government "raise[d], at a minimum, colorable arguments that where Plaintiffs are USAID employees and contractors, their claims against USAID, its officials, and related agencies and their officials may be precluded from judicial review" by those statutory frameworks, "which are arguments that have not yet been litigated in this case and that other courts have adopted in similar cases." *Id.* at 8-9. Additionally, as noted, the government has argued that plaintiffs lack Article III standing based on their alleged injuries. While the district court evaluated plaintiffs' standing when it issued the preliminary injunction, it did not decide whether several of plaintiffs' alleged harms constitute injuries in fact. Dkt. 73 at 18-19. Furthermore, the district

court has not yet evaluated whether any of plaintiffs' numerous changes to their complaint affect the merits of their claims.

The district court's resolution of these issues could obviate the need for this Court to decide the present appeal at all, regardless of whether the district court grants or denies the government's motion to dismiss. If the court grants the motion, plaintiffs may pursue an appeal in which this Court would be asked to decide threshold issues, such as CSRA preclusion, with the benefit of a district court decision on those issues. Alternatively, if the court denies the motion, the government may pursue an interlocutory appeal, including with respect to CSRA preclusion. This Court ultimately may decide to hold the present appeal in abeyance pending resolution of an appeal arising from the motion to dismiss.

Because the government's motion to dismiss is directed at plaintiffs' amended complaint, an appeal arising from that motion would present a far better vehicle for this Court to resolve the underlying legal issues in this case. The stay panel unanimously emphasized that in the complaint underlying the order on appeal here, plaintiffs failed to name the proper defendants, namely, USAID or any USAID official. Dkt. 88 at 6-7. The present injunction is directed solely to the original defendants who did not cause and cannot redress plaintiffs' alleged injuries. The district court, however, lacks jurisdiction to substantively modify that injunction while this case is on appeal, and thus, the validity of a hypothetical injunction against

the proper defendants is not at issue in this appeal. *See Lytle v. Griffith*, 240 F.3d 404, 407 n.2 (4th Cir. 2001). It would disserve judicial economy to expend resources on this appeal, to litigate the validity of an injunction directed only to the original defendants, when plaintiffs already have amended their complaint to add relevant defendants. This Court can avoid the need for such a decision by holding this appeal in abeyance while the district court resolves the government's motion to dismiss, at which point it likely will have the opportunity to evaluate the parties' legal arguments in an appeal involving the additional defendants plaintiffs have now named. Moreover, if this Court waits for the district court to resolve the motion to dismiss, it would have the benefit of the district court's decision on multiple important jurisdictional issues, which otherwise this Court would have to decide in the first instance. This Court's ultimate resolution of the government's threshold arguments may avoid any need to decide the merits of plaintiffs' constitutional claims. And to the extent this Court's review is based on an outdated record, adjudicating this preliminary injunction appeal risks being advisory.

**4.** Alternatively, the government respectfully requests a 45-day extension of time to file its opening brief in this pending appeal of the preliminary injunction, to and including July 28, 2025. As discussed, recent developments and ongoing proceedings in district court may affect the issues presented in this appeal and could obviate the need for this Court to decide the merits of some or all of those issues. In

addition, the requested extension is necessary to ensure adequate time to prepare and file any brief. Undersigned counsel have long-scheduled travel and a number of other deadlines including internal or otherwise non-public deadlines related to pending matters, *see, e.g.*, *Veltor Underground, LLC v. SBA*, No. 24-2025 (6th Cir.) (oral argument scheduled for June 12) (Jed); *Oak Lawn Respiratory & Rehab. Ctr. v. SBA*, Nos. 25-1346, 25-1347, 25-1348 (7th Cir.) (responsive brief due June 20, as extended) (Jed); *Shop Rite v. SBA*, No. 25-3008 (5th Cir.) (responsive brief due June 23, as extended) (Jed); *New York v. Trump*, Nos. 23-5103, 24-5047 (D.C. Cir.) (reply brief due June 24) (Jed); *Tidewater Finance Co. v. SBA*, No. 25-1446 (4th Cir.) (responsive brief due July 7) (Jed); *Essintial Enterprise Solutions v. SBA*, No. 25-1367 (3d Cir.) (reply brief due July 11) (Jed); *Bergdahl v. United States*, Nos. 24-5150, 24-5154 (D.C. Cir.) (reply brief due June 6) (Patterson); *Peralta-Adamez v. Adan*, No. 25-1293 (1st Cir.) (responsive brief due July 11) (Patterson); *Jordan v. Federal Bureau of Prisons*, No. 23-15373 (9th Cir.) (responsive brief due August 22) (Patterson); *Abdulrazzaq v. Trump*, No. 25-5071 (D.C. Cir.) (opening brief due June 23) (Barmore).

5. Counsel for plaintiffs-appellees have indicated that they oppose the abeyance and requested extension.

## CONCLUSION

For the foregoing reasons, the Court should vacate the briefing schedule and hold this appeal in abeyance, pending resolution of the government's motion to dismiss in district court. Alternatively, the Court should extend the deadline to file the government's opening brief by 45 days, to and including July 28, 2025.

Respectfully submitted,

MARK R. FREEMAN
MELISSA N. PATTERSON
ADAM C. JED
CYNTHIA BARMORE
*Attorneys*
*Civil Division, Appellate Staff*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W., Rm. 7541*
*Washington, D.C. 20530*
*202-616-5374*
*cynthia.a.barmore@usdoj.gov*

MAY 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-word Times New Roman, a proportionally spaced font, and it contains 1,615 words according to the count of Microsoft Word.

                                           /s/ *Cynthia Barmore*
                                           CYNTHIA BARMORE

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I filed and served the foregoing by causing a copy to be electronically filed with the Clerk of Court via the appellate CM/ECF system.

                                        /s/ *Cynthia Barmore*
                                        CYNTHIA BARMORE