# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| J. DOES 1-26,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>ELON MUSK, in his official capacity; UNITED STATES DOGE SERVICE; DEPARTMENT OF GOVERNMENT EFFICIENCY,<br><br>*Defendants-Appellants*. | No. 25-1273 |

### PLAINTIFFS-APPELLEES' OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION TO VACATE BRIEFING SCHEDULE AND HOLD APPEAL IN ABEYANCE, OR ALTERNATIVELY, TO EXTEND THE BRIEFING DEADLINE

Defendants-Appellants initiated this appeal in an emergency posture, asking this Court to stay the preliminary injunction entered by the District Court below. Over Plaintiffs-Appellees' opposition, this Court issued a stay, in part reasoning that the Complaint did not name as defendants the full set of appropriate parties necessary for the injunctive relief requested. Plaintiffs-Appellees promptly filed an Amended Complaint which, among other things, named new defendants. In that Amended Complaint, Plaintiffs-Appellees maintained their original claims against the Defendants-Appellants here, which form the basis for the preliminary injunction that is the subject of this appeal. Plaintiffs-Appellees also maintain that the District

1

Court's preliminary injunction against those Defendants-Appellants was proper and would provide meaningful relief to Plaintiffs-Appellees if in force.

Having obtained a stay from this Court of the preliminary injunction, Defendants-Appellants have abandoned their claim of urgency, and have now filed two motions to extend the briefing schedule for significant lengths of time. In their latest extension request, Defendants-Appellants offer two reasons for holding this case in abeyance or extending the briefing schedule. Neither qualifies as "extraordinary," which is the standard required for requesting briefing extensions from this Court, *see* L.R. 31(c), and neither should distract from Defendants-Appellants' true aim: to stave off a final decision on the merits for as long as possible. The Court should not tolerate such delay designed to frustrate review of the merits.

**I.  Resolution of Defendants-Appellants' Motion to Dismiss the Amended Complaint Will Not Obviate the Need for This Appeal or Conserve Judicial Resources.**

Defendants-Appellants first contend that their pending motion to dismiss below obviates the need for this appeal because the Amended Complaint presents a "better vehicle" for resolving the matter. Mot. at 5. To start, Defendants-Appellants' argument to this Court is in tension with their own claim below that the claims-splitting doctrine precludes the District Court from proceeding with the Amended

Complaint. *See* Mot. at 4.[1] But putting that aside, none of Defendants-Appellants' threshold defenses to the Amended Complaint—*e.g.*, channeling of claims under the Civil Service Reform Act or claim-splitting—apply to the claims in the *original* Complaint and which formed the basis of the preliminary injunction under review by this Court. Indeed, Defendants-Appellants never raised any of these defenses with respect to the first round of litigation concerning the Complaint. Simply put, the motion to dismiss the Amended Complaint that is currently pending before the District Court does not implicate the present appeal.

Defendants-Appellants next contend that judicial economy would be served by this Court waiting for the District Court to decide the motion to dismiss the Amended Complaint. *See* Mot. at 6. But that has things precisely backward. Judicial economy is served by allowing an appellate court to opine on and *settle* a legal issue before additional resources are expended by a lower court deciding a matter that may, after appellate review, change the outcome of the litigation. *See, e.g.*, *M.L. ex rel. Leiman v. Smith*, 867 F.3d 487, 492 n.4 (4th Cir. 2017) (appeal held in abeyance pending decision from the U.S. Supreme Court); *Jasper v. United States*, No. 00 Cr. 87, 2017 WL 449308, at *3 (E.D. Va. Feb. 2, 2017) (same). Here, a decision from this Court providing guidance on the important and complex constitutional questions

---

[1] Of course, Defendants-Appellants could also elect to dismiss this appeal and focus their resources on litigating the Amended Complaint in the District Court.

at issue in the preliminary injunction would simplify the issues before the District Court and thereby facilitate a speedier resolution of the action. *See Trice v. Oliveri & Assocs., LLC*, No. 19 Civ. 3272, 2020 WL 13042297, at *2 (D. Md. Dec. 18, 2020) ("[J]udicial economy may be increased by the parties and the Court having the benefit of the Court of Appeals' ruling . . ..").

Faring no better, Defendants-Appellants argue that the Amended Complaint pleads a "refocused" case that the District Court should assess in the first instance. Mot. at 2, 6. In particular, Defendants-Appellants allege that the Amended Complaint asserts a new "theory of injury." *Id.* But the injuries asserted in the Amended Complaint are not new; they closely resemble those that the District Court credited in its Order granting preliminary injunctive relief. *See Does 1-26 v. Musk*, No. 25 Civ. 0462, 2025 WL 840574, at *27-29 (D. Md. Mar. 18, 2025). From the outset, Plaintiffs-Appellees have alleged harm to reputation, data security, and data privacy—the same harms that form the basis of Plaintiffs-Appellees' Amended Complaint.

Finally, the public interest also strongly supports prompt resolution of this appeal. Since this Court stayed the preliminary injunction, Jeremy Lewin and his DOGE team have continued implementing the very shutdown measures the preliminary injunction would bar, creating exactly the irreparable harm that the District Court found likely to occur absent relief. *See id.* Each day that passes without

4

injunctive relief compounds that irreparable harm. Moreover, the public has an undeniable interest in receiving the benefit of a decision from this Court on whether Executive Branch actors who have not been appointed in conformity with the Appointments Clause may take critical steps to dismantle a congressionally-created agency without Congress's approval. Further delay in this case may as a practical matter frustrate this Court's review of those questions.

In short, nothing in Defendants-Appellants' motion supports their request to leverage the stay of the preliminary injunction to continue to avoid a ruling on the merits of the constitutional challenges Plaintiffs-Appellees have presented. The Court should deny the motion.

**II. Scheduling Conflicts Do Not Support a Second Extension Request that Would Delay Resolution of Important Constitutional Questions.**

Defendants-Appellants contend they lack adequate time to prepare and file any brief because undersigned counsel have long-scheduled travel and several internal, non-public, and court deadlines in June and July. *See* Mot. at 7. None of these reasons satisfies the "extraordinary circumstances" standard required for a briefing extension request under Fourth Circuit rules, *see* L.R. 31(c), and certainly not after Defendants-Appellants already sought and obtained one 45-day extension. Although Plaintiffs-Appellees are sympathetic to the professional demands placed on counsel, this is a constitutional case fundamental to the lawful functioning of the Executive Branch. If counsel have travel plans, then the U.S. Department of Justice

can freely assign a different attorney to brief and argue this appeal. Defendants-Appellants, which chose to initiate this appeal in an emergency posture, have already received the benefit of one extension. An additional 45-day extension, let alone holding the case in abeyance, is unwarranted.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants-Appellants' Motion to Vacate Briefing Schedule and Hold Appeal in Abeyance, Or Alternatively, to Extend the Briefing Deadline.

Dated: June 6, 2025                              Respectfully submitted,

                                                                 */s/ Pooja Chaudhuri*

| | |
|---|---|
| Mimi Marziani* | Pooja Chaudhuri |
| Rebecca (Beth) Stevens* | Norman L. Eisen* |
| Joaquin Gonzalez* | Tianna J. Mays* |
| MARZIANI, STEVENS & GONZALEZ PLLC | DEMOCRACY DEFENDERS FUND |
| 1533 Austin Highway | 600 Pennsylvania Avenue SE |
| Suite 102-402 | Suite 15180 |
| San Antonio, TX 78218 | Washington, D.C. 20003 |
| (212) 343-5604 | (212) 594-9958 |
| mmarziani@msgpllc.com | pooja@statedemocracydefenders.org |
| bstevens@msgpllc.com | norman@statedemocracydefenders.org |
| jgonzalez@msgpllc.com | tianna@statedemocracydefenders.org |

*admissions application forthcoming*

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the type-volume requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1121 words. This response was prepared in 14-point Times New Roman font, a proportionally spaced typeface, using Microsoft Word.

Dated: June 6, 2025                            */s/ Pooja Chaudhuri*
                                                           Pooja Chaudhuri
                                                           *Counsel for Plaintiffs-Appellees*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: June 6, 2025

*/s/ Pooja Chaudhuri*
Pooja Chaudhuri
*Counsel for Plaintiffs-Appellees*