**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| J. DOES 1-26,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>ELON MUSK, in his official capacity; UNITED STATES DOGE SERVICE; DEPARTMENT OF GOVERNMENT EFFICIENCY,<br><br>Defendants-Appellants. | No. 25-1273 |

**REPLY IN SUPPORT OF MOTION FOR ABEYANCE OR EXTENSION**

As set forth in its motion, the government respectfully requests that the Court hold this appeal in abeyance, or alternatively, extend the deadline for the government to file its opening brief. An abeyance would conserve the resources of this Court and the parties. Because this appeal is tied to plaintiffs' original complaint (which omitted relevant defendants), it may turn on deficiencies that plaintiffs subsequently resolved by amending their complaint to add USAID and other relevant defendants. The government's pending motion to dismiss also tees up several potentially dispositive issues that the district court has not yet decided, including CSRA preclusion. Placing this appeal in abeyance until the district court resolves that motion may enable this Court to evaluate plaintiffs' claims, including threshold jurisdictional questions, in an appeal that (1) includes USAID and other relevant

defendants and (2) has the benefit of a district court decision on potentially dispositive issues. Alternatively, extending the deadline for the government's opening brief similarly could obviate the need for this Court to decide various issues, given ongoing proceedings in district court. At a minimum, an extension is necessary to ensure adequate time to prepare and file any brief.

**1.** Plaintiffs do not seem to contest that it would serve judicial economy to evaluate their claims in the context of a complaint that includes USAID and other relevant defendants. While plaintiffs note that their amended complaint includes new defendants, Opp. 1, they offer no path for this Court to rely on that complaint in the present appeal. There is none.

This Court cannot decide the present appeal as if the preliminary injunction applies to the additional defendants named in the amended complaint. The injunction plainly states that it applies only to the original defendants. The district court repeatedly emphasized that limited scope in its weighing of the equities, reasoning that, because USAID "is not a party to this case," the injunction "would not be directed to USAID" and "thus would not impact its ability to act." PI Op. 61-62; *see also* PI Op. 65 (declining to "categorically enjoin" the challenged personnel actions because "USAID is not a party to this case" and plaintiffs "have not even requested injunctive relief against USAID"). Relatedly, USAID and other newly added defendants did not participate in preliminary injunction proceedings and did

not have an opportunity to present arguments against injunctive relief. Plaintiffs offer no basis for this Court to ignore the actual scope of the preliminary injunction on appeal. As the stay panel recognized, this Court's "job is to resolve the actual claims by the actual plaintiffs against the actual defendants." Stay Op. 9 n.3. Because the present injunction improperly orders relief exclusively against defendants who neither caused nor can redress the asserted injuries, plaintiffs are unlikely to prevail in this appeal, regardless of how this Court might view an injunction based on the amended complaint.

**2.** Plaintiffs also fail to show that this Court would not benefit from waiting for a district court decision on potentially dispositive issues. Plaintiffs assert that there is no such benefit because "none" of the government's "threshold defenses to the Amended Complaint," such as CSRA preclusion, apply to claims in the original complaint. Opp. 3. That is incorrect. For example, plaintiffs' original complaint, like their amended complaint, raised constitutional challenges based on alleged harms arising out of their employment with USAID. Plaintiffs cite no authority to suggest that the CSRA would not apply to those claims simply because they brought them against defendants who were not their employers. While defendants did not invoke the CSRA during expedited preliminary injunction proceedings, the government is free to raise these arguments during motion to dismiss proceedings, as the government has now done. And because these are jurisdictional issues, the

government likewise is free to raise them for the first time in this appeal. *See United States v. Rios*, 55 F.4th 969, 972 (4th Cir. 2022).

Plaintiffs are doubly incorrect that judicial economy would be served by this Court issuing an opinion at this time to govern these or other legal issues. Opp. 3-4. *First*, appellate courts ordinarily do not "opine on and *settle* a legal issue before additional resources are expended by a lower court." Opp. 3. This Court is "a court of review, not of first view." *Pendleton v. Jividen*, 96 F.4th 652, 658 (4th Cir. 2024) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). The ordinary course is for this Court to wait for the district court to decide important legal issues in the first instance and then review that decision—not the other way around.

*Second*, plaintiffs' request for "guidance" from this Court "on the important and complex constitutional questions at issue in the preliminary injunction" is ultimately a request for an advisory opinion. Opp. 3-4. As discussed, and as the stay panel unanimously emphasized, the named defendants do not include USAID or USAID officials. Stay Op. 9, 42. The district court thus entered a preliminary injunction that applies only to other defendants who did not cause and cannot redress plaintiffs' alleged injuries. Because plaintiffs' failure to name the relevant defendants defeats their standing, this Court cannot decide the merits of plaintiffs' claims in this appeal. "Article III does not assign to federal courts any power to address hypothetical circumstances, give advisory opinions, or resolve abstract

disputes." *B.R. v. F.C.S.B.*, 17 F.4th 485, 493 (4th Cir. 2021).

Plaintiffs also attempt to minimize the importance of other amendments to their complaint, arguing that their alleged injuries "closely resemble" those credited by the district court. Opp. 4. This matter too is best left for the district court to evaluate in the first instance. The district court may agree that plaintiffs' "alleged harm to reputation, data security, and data privacy" are "the same harms" that they have alleged against different defendants "[f]rom the outset." Opp. 4. But the district court may also find that plaintiffs' amended complaint lacks the factual allegations necessary to establish standing. For example, the district court concluded that plaintiffs' alleged reputational harm in the original complaint was not "merely speculative" based solely on allegations by two plaintiffs who are no longer part of this lawsuit. *See* PI Op. 58-59 (citing allegations by J. Does 9 and 12). This Court should not deny an abeyance based on an assumption that the district court has already evaluated plaintiffs' alleged injuries as amended, or that its decision regarding a different complaint against different defendants would provide useful guidance in this litigation going forward.

**3.** Plaintiffs also err in arguing that this Court must decide this appeal promptly to avoid irreparable harm to them or the public. Opp. 4-5. Plaintiffs' own litigation choices significantly undermine that claim. As the district court noted when it denied plaintiffs' motion for expedited discovery for lack of good cause,

"there is no motion for a preliminary injunction pending before the Court," nor is one anticipated. Dkt. 124 at 5. Plaintiffs' assertion that there is an urgent need for this Court's immediate review is at odds with their decision not to seek a preliminary injunction based on the amended complaint. By adding relevant defendants, that complaint resolves a primary deficiency that led the stay panel to unanimously reject plaintiffs' claims. If plaintiffs truly face irreparable harm with "[e]ach day that passes," Opp. 4-5, they likely would have sought a preliminary injunction based on the amended complaint, to mitigate the substantial risk that this Court ultimately would vacate the original preliminary injunction based on plaintiffs' failure to name relevant defendants.

Moreover, even if plaintiffs somehow could succeed in their present appeal, they do not explain how a decision in this appeal would avoid the delay that they assert will "as a practical matter frustrate this Court's review." Opp. 5. In district court, plaintiffs asserted a need for expedited discovery because, in their view, USAID would "be would-down beyond repair" by July 1 or September 2, 2025, the anticipated termination dates for USAID employees. Dkt. 124 at 4. But plaintiffs are unlikely to get a favorable decision by July 1 or September 2, 2025, even if they prevail in this appeal. Currently, the government's opening brief is due June 13 and plaintiffs' response brief is due July 14. Assuming plaintiffs file on the deadline without an extension, the government's reply brief would be due August 4. Plaintiffs

therefore are unlikely to avoid the harms that they claim will occur by July 1 or September 2, regardless of whether this appeal moves forward as scheduled.

In any event, plaintiffs' claimed harm from delaying this appeal stems from the impending termination of their employment, which is not irreparable. As the stay panel recognized, "to the extent these alleged harms are cognizable damages at all, most can be remedied by money damages." Stay Op. 12. "Generally, injuries that can be cured by monetary relief, by law, are not irreparable." *Id.* (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974), and *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994)).

**4.** Plaintiffs separately oppose an extension based on undersigned counsels' other obligations, asserting that "the U.S. Department of Justice can freely assign a different attorney to brief and argue this appeal." Opp. 5-6. The opening brief currently is due in one week, on June 13. Even if the Department were to reassign this case as plaintiffs suggest, the requested extension would be necessary to ensure that any new attorney has adequate time to prepare and file any brief.

## CONCLUSION

For the foregoing reasons, the Court should vacate the briefing schedule and hold this appeal in abeyance, pending resolution of the government's motion to dismiss in district court. Alternatively, the Court should extend the deadline to file the government's opening brief by 45 days, to and including July 28, 2025.

Respectfully submitted,

MARK R. FREEMAN
MELISSA N. PATTERSON
ADAM C. JED
CYNTHIA BARMORE
*Attorneys*
*Civil Division, Appellate Staff*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W., Rm. 7541*
*Washington, D.C. 20530*
*202-616-5374*
*cynthia.a.barmore@usdoj.gov*

JUNE 2025

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the word limit of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-word Times New Roman, a proportionally spaced font, and it contains 1,638 words according to the count of Microsoft Word.

/s/ *Cynthia Barmore*
CYNTHIA BARMORE

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, I filed and served the foregoing by causing a copy to be electronically filed with the Clerk of Court via the appellate CM/ECF system.

/s/ *Cynthia Barmore*
CYNTHIA BARMORE